[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13584
Non-Argument Calendar

_____

D. C. Docket No. 03-00041-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK MYRON STEVENSON,
a.k.a. Mouse,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 29, 2007)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Roderick Myron Stevenson appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 846. On appeal, Stevenson challenges the district court's denial of his motion to withdraw his no contest plea and argues that his 292-month sentence is unreasonable. For the reasons set forth more fully below, we affirm Stevenson's conviction, but vacate his sentence because the record is insufficient for meaningful appellate review.

Stevenson entered into a written plea agreement in which he agreed to plead no contest to the conspiracy charge and to "cooperate fully and truthfully" with the government. His cooperation included, but was not limited to, "providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation." The agreement also provided:

> If, in the sole discretion of the United States Attorney, [Stevenson] is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if [Stevenson] has otherwise complied with all terms of this agreement, . . . then the United States Attorney will file a substantial assistance motion under 18 U.S.C. § 3553(e) (allowing sentences below applicable mandatory minimums).

After the district court accepted Stevenson's no contest plea, but before it imposed Stevenson's sentence, Stevenson moved to withdraw his no contest plea.

2

Stevenson's motion was based on the government's refusal to seek his cooperation due to his performance on a polygraph examination, where passing a polygraph examination as a precondition to any cooperation was not part of the plea agreement and where the administration of this examination while he was not taking his regular medication invalidated the results. After an evidentiary hearing, the district court denied Stevenson's motion.

We review the denial of Stevenson's request to withdraw his no contest plea for an abuse of discretion, and we will reverse the district court only if its decision is "arbitrary or unreasonable." See United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002). "A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006) (citation and quotation marks omitted). After a no contest plea is accepted, but prior to sentencing, the plea may be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B).

> In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

3

Najjar, 283 F.3d at 1309 (citation and quotation marks omitted). There is no absolute right to have a plea withdrawn, although motions to withdraw before the defendant is sentenced are liberally construed. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). The defendant bears the burden of proof on a motion to withdraw his plea. Izquierdo, 448 F.3d at 1276.

Of the four above-enumerated circumstances the district court evaluated, Stevenson does not challenge the court's findings regarding three – the close assistance of counsel, the conservation of judicial resources, and prejudice to the government. Stevenson's challenge to the knowing and voluntariness of his plea does not cite any defects by the district court during the plea colloquy. Instead, he relies upon his lack of knowledge at the time of the plea that the government would rely upon a polygraph test to determine his truthfulness, and he objects to the manner in which the results were used.

While the plea agreement did not prohibit the government from administering a polygraph or relying on its results in evaluating whether Stevenson could provide substantial assistance, Stevenson did not know that a polygraph examination would be administered at the time he entered his plea. However, based on the terms of the agreement and his admissions during the plea colloquy, he did know that the determination of whether he rendered substantial assistance

4

lay within the government's sole discretion. While the government's refusal to accept his cooperation based on the polygraph results was not an outcome Stevenson specifically anticipated at the time of his plea, the government's decision to exercise its discretion in this manner does not convince us that the district court's ruling was an abuse of discretion. The district court's unchallenged findings regarding the close assistance of counsel, the conservation of judicial resources, and prejudice to the government are not clearly erroneous. The district court's colloquy reflects that Stevenson understood the provisions of the plea agreement. In addition, had Stevenson raised his arguments relating to the polygraph in an attempt to challenge the government's failure to exercise its discretion to file a motion for a departure based on his substantial assistance, his failure to allege that the prosecutor refused to file such a motion based on an unconstitutional motivation would have precluded judicial review. See United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993). Accordingly, we hold that the district court did not abuse its discretion in denying Stevenson's motion to withdraw his plea.

Stevenson also argues that his 292-month sentence is unreasonable, relying, in large part, upon his medical conditions and need for medical care. The government contends Stevenson's failure to object to the reasonableness of his

sentence before the district court limits review on appeal to plain error. We reject the government's argument because the district court failed to comply with United States v. Jones, 899 F.2d 1097 (11th Cir.1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir.1993) (en banc).

In Jones, we held that "after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007). When the district court fails to comply with Jones, we generally vacate the sentence and remand to provide the parties an opportunity to present their objections, unless the record on appeal is sufficient to enable review. Id. When we reach the merits of an issue despite a Jones error, we review that claim for preserved, rather than plain, error. See United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir.), cert. denied, 127 S.Ct. 462 (2006) (reviewing a constitutional challenge de novo).

In this case, the district court elicited objections during the first portion of the sentencing hearing, after it had calculated the advisory Guideline range but before it had ordered a presentence study and report regarding Stevenson's mental and physical condition pursuant to 18 U.S.C. § 3552. After the court imposed the

final 292-month sentence, additional motions were discussed and the court simply asked whether there were any other matters or anything further, to which neither party responded with objections. Accordingly, the district court violated Jones. See Campbell, 473 F.3d at 1348 ("[T]his court has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated Jones.") (citations omitted).

Therefore, we do not apply plain error review. See Johnson, 451 F.3d at 1242. Instead, we review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), cert. dismissed, (U.S. June 28, 2007) (No. 06-7352). "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1363.

Even though Stevenson has not raised a <u>Jones</u> argument, the record in this case is insufficient to permit meaningful appellate review of his sentence. <u>Cf.</u> <u>United States v. Holloway</u>, 971 F.2d 675, 681 (11th Cir. 1992) (declining to address the merits of the defendant's challenge to the calculation of restitution because court did not comply with <u>Jones</u> and there was not a developed sentencing record to review); <u>United States v. Cruz</u>, 946 F.2d 122, 124 n.1 (11th Cir. 1991) (noting a "technical" violation of <u>Jones</u> even though the issue was not raised by the appellant, and concluding that the record was sufficient for meaningful appellate review). We note that the district court did not expressly indicate that it considered the § 3553(a) factors[1] and did not provide any comment regarding Stevenson's sentence other than that the sentence was at the low end of the Guidelines, and that the Guidelines were "appropriate." In addition, with regard to Stevenson's medical condition and the ability of the Bureau of Prisons' to provide treatment, the record on appeal does not contain any explicit factual findings by the district court and does not provide a clear indication as to how the court applied its findings in

---

[1] Such an explicit statement does not, in and of itself, prevent us from concluding that the district court imposed a reasonable sentence. <u>See</u> <u>United States v. Dorman</u>, 488 F.3d 936, 944 (11th Cir. 2007) (upholding a sentence as reasonable despite the district court's failure to explicitly articulate that it considered the § 3553(a) factors).

8

reaching a reasonable sentence. [2]

In light of the foregoing, we **AFFIRM** Stevenson's conviction, but **VACATE** his sentence and **REMAND** for resentencing.

---

[2]We note that there is a conflict in the medical opinions as to whether or not Stevenson is presently suffering from cancer. The district court made no findings in this regard or regarding what, if any, treatment is required.