[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10237
Non-Argument Calendar

_____

D. C. Docket No. 03-00041-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK MYRON STEVENSON,
a.k.a. Mouse,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 4, 2008)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Roderick Myron Stevenson appeals his 235-month sentence for conspiracy to distribute and possess with intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. Stevenson argues that the district court clearly erred in determining the amount of drugs attributable to him because the court held him accountable for drugs sold by co-conspirators prior to the date he joined the conspiracy. The government contends that Stevenson's first issue is barred by the doctrines of the law-of-the case and waiver. Stevenson also argues that his 235-month sentence is unreasonable. For the reasons set forth more fully below, we affirm.

In a one-count fifth superceding indictment, Stevenson and eight others were charged with conspiracy to distribute and to possess with intent to distribute a controlled substance between January 1, 2001, and July 31, 2003. Stevenson pled no contest to the charge.

According to the PSI that was prepared, Stevenson, who was a Polk County Deputy Sheriff, received cash from co-conspirators in exchange for information and "protection" of individuals in a location called "the hole," "thus allowing the continued distribution of drugs in that area." The probation officer determined that Stevenson was accountable for drug amounts totaling at least 4 kilograms of

powder cocaine and at least 46.3 kilograms of crack cocaine, which he derived from transactions that occurred between January 1, 2001, and July 23, 2003.

Stevenson objected to the probation officer's determination of the drug quantity for which he was accountable. Stevenson argued that he should not have been responsible for drugs sold prior to the beginning of 2003.

At the initial sentencing hearing, Florida Department of Law Enforcement ("FDLE") Agent Beth Torres testified that, according to Polk County Sheriff's Office records, Stevenson was assigned to "the hole" from August 2000 to February 2004. Stevenson testified that he was assigned to "the hole" in January 2002, but he did not specify who assigned him there. He also testified about his medical condition.

The district court overruled Stevenson's objection with regard to the drug quantities. In light of Stevenson's medical condition, the court ordered a study and reporting, pursuant to 18 U.S.C. § 3552(b). After the report was returned, the court sentenced Stevenson to 292 months' imprisonment.

Stevenson appealed his conviction and his sentence. We affirmed Stevenson's conviction, but vacated his sentence in its entirety and remanded for resentencing. United States v. Stevenson, 240 Fed.Appx. 343, 347 (11th Cir. 2007).

Before the resentencing hearing, Stevenson filed a "Motion to Modify Sentence Below the Guideline Level, Sentencing Memorandum and Objection to Mathematical Calculation of Sentencing Range," and he attached several supporting documents, including numerous support letters. Stevenson adopted all of his previous objections to the PSI.

At the resentencing hearing, the court recalculated Stevenson's total offense level and his Guidelines range. Each side presented testimonial evidence from healthcare professionals. Stevenson himself also testified. Stevenson stated that he had been in pain ever since he was incarcerated and had a recurring eye infection that required surgery. Stevenson also stated that most of the medications that he had been prescribed before he was incarcerated had not been given to him while he was in prison. After both parties presented closing arguments, the court overruled Stevenson's objections to the PSI and sentenced him to 235 months' imprisonment.

I.

As an initial matter, we vacated Stevenson's initial sentence in its entirety, and, therefore, the district court's findings and conclusions made during the initial sentencing were "wiped away by the vacatur," which rendered it void in its entirety. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).

Accordingly, Stevenson's first issue is neither barred by the doctrine of the law-of-the-case nor the doctrine of waiver.

II.

We review for clear error the district court's factual determination of the drug quantity for which Stevenson is accountable. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005).

"Section 2D1.1 of the [G]uidelines provides that the base offense level for a possession or a conspiracy drug offense is ordinarily calculated by determining the quantity of drugs attributable to a defendant." Id. "Relevant conduct" for conspirators includes: "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B) (2007).

Specifically, in a case involving drugs, the conspirator's relevant conduct includes amounts directly attributable to the conspirator and "all reasonably foreseeable quantities of [drugs] that were within the scope of the criminal activity that [the conspirator] jointly undertook." U.S.S.G. § 1B1.3, comment. (n.2). "A defendant's relevant conduct does not include the conduct of members of a

conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." Id. The "scope of the criminal activity that [the conspirator] jointly undertook," however, is not the same as the scope of the entire conspiracy; rather, the jointly undertaken criminal activity is limited to "the scope of the specific conduct and objectives embraced by the defendant's agreement." Id. Similarly, "the criminal activity that the defendant agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical." Id.

> We have stated that:
>
> to determine a defendant's liability for the acts of others, the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant. Once the extent of a defendant's participation in the conspiracy is established, the court can determine the drug quantities reasonably foreseeable in connection with that level of participation. If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant. The government must establish the quantity of drugs by the preponderance of the evidence.

United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993) (citations omitted).

In this case, Stevenson does not contest the probation officer's finding with respect to his accountability for the drugs sold by conspirators after 2003. Thus, the only issue is whether the record supports the court's finding that Stevenson was accountable for the drugs sold by conspirators between January 1, 2001, and

6

November 2002.

Although the district court did not make an explicit individualized finding with respect to when Stevenson joined the conspiracy, the court did state at the resentencing hearing that Stevenson could reasonably foresee that numerous drug sales were going on at "the hole," and Stevenson participated in those sales by offering his protection as a deputy sheriff. Because there was evidence that Stevenson worked "the hole" between August 2000 and February 2004, the court did not clearly err in finding that Stevenson's "relevant conduct" for purposes of calculating his base offense level included the drugs sold by the conspiracy between January 1, 2001, and November 2002. See U.S.S.G. § 1B1.3 & comment. (n.2); Rodriguez, 398 F.3d at 1296; Ismond, 993 F.2d at 1499.

### III.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'"[1] United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). A sentence is unreasonable if it "fails to achieve the purposes of

---

[1] The government claims that we should limit our review to plain error because Stevenson failed to object to the reasonableness of his sentence. However, Stevenson did object on the basis that the district court abused its discretion in imposing the sentence. As the Supreme Court clarified the reasonableness standard as a review for abuse of discretion, Stevenson did preserve this issue for appellate review. See Gall v. United States, 552 U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Moreover, the outcome is the same under either a plain error or reasonableness review standard.

sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the reasonableness of a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall, 128 S.Ct. at 597. When reviewing the sentence for procedural reasonableness, we must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id.

In considering the substantive reasonableness of the sentence, "Gall makes clear that 'it also remains true that the district court's choice of sentence is not unfettered.'" United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008) (citations and quotation marks omitted). "[T]he district court is obliged to consider all of the § 3553(a) factors, and those factors in turn guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." Id. (citations, quotations, and punctuation marks omitted).

8

"Generally, when sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." Id. at 1090; see also 18 U.S.C. § 3553(c). However, the sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. —, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Although we do not apply a presumption of reasonableness, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 788.

"[A] district court's 'unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence.'" See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). However, a sentence is not necessarily unreasonable where a court attaches great weight to one factor. See Gall, 128 S.Ct. at 602 (holding that a district court did not commit reversible error simply because it "attached great weight" to one factor). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

The § 3553(a) factors include: (1) the nature and circumstances of the

9

offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the advisory guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

Stevenson has not demonstrated that his sentence is unreasonable.[2] The district court was aware of Stevenson's history and characteristics, including his medical condition, because, <u>inter alia</u>, it heard testimony from (1) two healthcare professionals and (2) Stevenson. <u>See</u> 18 U.S.C. § 3553(a)(1). The court specifically noted that it had demonstrated its concern for Stevenson's condition when it ordered an evaluation to determine whether or not the BOP had adequate facilities. <u>See</u> 18 U.S.C. § 3553(a)(1). Moreover, the court stated that it read all of Stevenson's support letters and was fully aware of Stevenson's "background, how

---

[2] Additionally, the record does not support Stevenson's contention that the district court "disallowed" the testimony of his 13 witnesses at the resentencing hearing. By Stevenson's own admission, the testimony from the 13 witnesses was "basically" already in the record, and the court told Stevenson that it wanted him to put on everything he wanted, but it did not "want just a repeat of everything."

he went to college, how he got a master's, what he did in the service, . . . [and] how he got the nickname mouse." See 18 U.S.C. § 3553(a)(1).

The district court discussed the nature and circumstances of the offense when it noted (1) the seriousness of the offense and (2) how Stevenson had violated the trust of the people by using his position as a law enforcement officer to commit the offense. See 18 U.S.C. § 3553(a)(1). The court discussed Stevenson's lack of respect for the law and noted the advisory Guidelines range. See 18 U.S.C. § 3553(a)(2)(A), (a)(4). Significantly, the court stated that it considered "the [G]uideline range, the circumstances of the offense, the need for the sentence to promote respect for the law, the necessity of the sentence to provide just punishment[,] and the necessity of the sentence to provide [Stevenson] with medical care." See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), (D), (a)(4). The court also stated that it had considered the policy statements. See 18 U.S.C. § 3553(a)(5). Therefore, the record does not support Stevenson's contention that the court unjustifiably relied upon any one § 3553(a) factor, and, although the court may have placed great emphasis on the fact that Stevenson was a deputy sheriff, it does not follow that his sentence was necessarily unreasonable. See Gall, 128 S.Ct. at 602; Clay, 483 F.3d at 743; Crisp, 454 F.3d at 1292.

The district court was not required to give a lengthy explanation for its

11

decision to impose a Guidelines sentence.  See Livesay, 525 F.3d at 1090.

Nonetheless, as discussed above, the record reflects that the court did consider the

§ 3553(a) factors in determining an appropriate sentence.  See id. at 1091.  As

such, Stevenson's contention that the record is insufficient to review the

reasonableness of his sentence is without merit.

Stevenson's 235-month sentence is at the low-end of the Guidelines range

and well below the statutory maximum of life imprisonment.  See 21 U.S.C.

§ 841(b)(1)(A)(iii); Talley, 431 F.3d at 788; United States v. Winingear, 422 F.3d

1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the

actual  prison term imposed against the statutory maximum).  The record reflects

that the court considered Stevenson's arguments and support letters, and the court

had a reasoned basis for exercising its own legal decisionmaking authority.  See

Rita, 127 S.Ct. at 2468.  Thus, Stevenson has not shown that the court abused its

discretion by imposing an unreasonable sentence.  See Gall, 128 S.Ct. at 594.

In light of the foregoing, Stevenson's sentence is

**AFFIRMED**.