UNITED STATES of America,
Plaintiff–Appellee,

v.

Henry Louis ISMOND and Winston
Daniel Fraser, Defendants–
Appellants.

No. 89–9011.

United States Court of Appeals,
Eleventh Circuit.

June 25, 1993.

Alan Baverman, Atlanta, GA, for Clavis.

Thomas E. Spraley, Atlanta, GA, for Edwards.

Jake Waldrop, Federal Defender Program, Inc., Atlanta, GA, for Greene.

Michael J. Trost, Atlanta, GA, for Kirkland.

Thomas R. Moran, Atlanta, GA, for Grant.

L. David Wolfe, Atlanta, GA, for Phillips.

Dwight Thomas, Atlanta, GA, Frederick E. Link, Hartness and Link, Gainesville, GA, for Ismond and Frazer.

Robert L. Barr, Jr., U.S. Atty., H. Allen Moye, Asst. U.S. Atty., Atlanta, GA, for U.S.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

The appellants were convicted along with other defendants whose appeals were ruled upon in *U.S. v. Clavis*, 956 F.2d 1079 (11th

Cir.), *modified in part on reh'g,* 977 F.2d 538 (11th Cir.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 2979, 119 L.Ed.2d 597 (1992) *and* —— U.S. ——, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993). Appellants' appeals were bifurcated and separately argued and submitted.

The court did not err in overruling motions of Ismond and Fraser for judgment of acquittal on Counts One (conspiracy), Ten (knowingly maintaining 740 Ann Avenue) and Twelve (possession of more than 50 grams of cocaine base).

The evidence of guilt of conspiracy, Count One, requires no discussion. It is more than adequate. Because of appellants' conviction of conspiracy under Count One it is not necessary that we discuss other evidence of their connections with 740 Ann Avenue (Count Ten) and of possession of cocaine base (Count Twelve). Their convictions must be affirmed based on *Pinkerton v. U.S.,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

Several issues are foreclosed by our decision in *U.S. v. Clavis, supra:* the constitutionality of 21 U.S.C. § 856(a)(1); the *Batson* issue; and exclusion of evidence of distances between 740 Ann Avenue and 760 Ann Avenue and a nearby school along routes traveled by persons who attended the school.

### Sentencing

The trial court did not err in giving Fraser a two-level enhancement for his managerial role. Nor did it err in not giving Ismond a downward adjustment for mitigating role.

For other reasons, sentences imposed on Fraser and Ismond must be vacated and their cases remanded for sentencing. The court attributed to each of them the total quantity of drugs distributed during the course of the conspiracy. Both contend that the attribution to them of this total quantity was erroneous and that the court failed to make findings concerning amounts properly attributable to them.[1]

For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity. U.S.S.G. § 1B1.3(a)(1) (Nov.1992); *U.S. v. Andrews,* 953 F.2d 1312, 1319 (11th Cir.), *cert. denied,* —— U.S. ——, ——, ——, 112 S.Ct. 3007, 3008, 3048, 120 L.Ed.2d 882, 915 (1992). Thus, to determine a defendant's liability for the acts of others, the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant. U.S.S.G. § 1B1.3, comment. (n. 2); *U.S. v. Edwards,* 945 F.2d 1387, 1399 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 308 (1992). Once the extent of a defendant's participation in the conspiracy is established, the court can determine the drug quantities reasonably foreseeable in connection with that level of participation. If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant. *See U.S. v. Wise,* 881 F.2d 970, 973 (11th Cir.1989). The government must establish the quantity of drugs by the preponderance of the evidence. *See Andrews,* 953 F.2d at 1319.

The district court attributed the total quantity of drugs associated with the conspiracy to both Fraser and Ismond but did not make individualized factual findings concerning the scope of criminal activity undertaken by Fraser and Ismond. We have reviewed the record and conclude that, without individualized findings, the conspiracy's entire output cannot be attributed to Fraser and Ismond. And without individualized findings concerning the scope of Fraser and Ismond's involvement with the conspiracy, it cannot be determined that they should be liable for some quantity less than all. There must be further factual findings by the district court.

The convictions of Fraser and Ismond are AFFIRMED. Their sentences are VACATED and their cases REMANDED for resentencing.

[1]. The government acknowledges that these issues were properly presented to the trial court.