[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10618
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC-0

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO GARCIA GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pedro Garcia Gutierrez appeals his 76-month sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1000 marijuana plants, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute more than 1000 marijuana plants, 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii).  On appeal, he argues the district court clearly erred in attributing 11,152 marijuana plants to him for purposes of calculating his base offense level.  Specifically, he contends that he should only be held responsible for the 5376 plants seized from a grow house at 255 North Zambria Street, and asserts he cannot be found responsible for the conduct of his co-conspirators at a grow house at 425 North Kennel Street.   He further argues that, because he is less culpable than the average co-conspirator, the district court should have granted him a minor-role adjustment in his offense level, pursuant to U.S.S.G. § 3B1.2(b).  We affirm.

The parties are familiar with the background facts, and we do not recount them here.  First, we reject Gutierrez's argument that the district court clearly erred by attributing 11,152 marijuana plants to him for purposes of calculating his base offense level.  A district court's determination of the drug quantity used to establish a defendant's base offense level is reviewed for clear error.  *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000).  "When . . . a defendant challenges one of the factual bases of his sentence as set forth in the PSI, the

2

government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996).

The Guidelines state that the base offense level shall include, "in the case of a jointly undertaken criminal activity . . . , all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). If the case involves drugs, "the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n.2. The district court must first make individualized findings concerning the scope of criminal activity undertaken by the defendant, and then determine the drug quantities reasonably foreseeable in connection with that level of participation. *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993) (citing U.S.S.G. § 1B1.3 cmt. n.2). "If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." *Id.*

After carefully reviewing the record, the sentencing transcript, and the parties' briefs, we conclude the district court had ample evidence to support its finding that the quantity of marijuana plants seized at 425 North Kennel Street was

3

both reasonably foreseeable and within the scope of Gutierrez's criminal activity. We therefore hold the district court did not clearly err in attributing 11,152 marijuana plants to Gutierrez for purposes of calculating his offense level.

Second, we conclude the district court did not clearly err by refusing to grant him a minor-role adjustment in his offense level, pursuant to U.S.S.G. § 3B1.2(b). We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The Guidelines permit a court to decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5.

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for

which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.  Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor . . . participants." *Id.*  The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence.  *Id.* at 939.  We have held, however, that the allegations of defense counsel at sentencing "are an insufficient basis upon which to grant a downward departure." *United States v. Kapelushnik*, 306 F.3d 1090, 1095 (11th Cir. 2002).

Based on our review of the record, the sentencing transcript, and the parties' briefs, we conclude Gutierrez has failed to carry his burden on this issue. Gutierrez's conduct involved the cultivation and care of well over 10,000 marijuana plants.  Other than the allegations made by his counsel at sentencing, he failed to proffer any evidence indicating that his responsibilities at the grow houses were less vital to the enterprise than those of his co-conspirators, or that he was not acting in equal relationship to the average co-conspirator at the grow houses.  We accordingly hold the district court did not clearly err in finding Gutierrez failed to

establish he played a minor role in the offense, and we affirm his 76-month sentence.

**AFFIRMED.**