[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 06-10616
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROCHE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Juan Roche appeals his 73-month sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1000 marijuana plants, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute more than 1000 marijuana plants, 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). On appeal, Roche argues the district court clearly erred when it failed to make a particularized finding as to the scope of his participation in the conspiracy and attributed to him quantities of marijuana seized from a grow house located at 425 North Kennel Street. Roche contends he only worked at a grow house located at 255 North Zambria Street, and asserts that he did not join the conspiracy until after the growing operation had begun at 425 North Kennel Street. We affirm.

The parties are familiar with the background facts, and we do not recount them here. A district court's determination of the drug quantity used to establish a defendant's base offense level is reviewed for clear error. *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000). "When . . . a defendant challenges one of the factual bases of his sentence as set forth in the PSI, the government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996).

The Guidelines state that a defendant's base offense level shall include, "in the case of a jointly undertaken criminal activity . . . , all reasonably foreseeable

acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). If the case involves drugs, "the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n.2. A defendant may not, however, "be held accountable for conduct that occurred prior to his entry into the joint criminal undertaking." *United States v. Hunter*, 323 F.3d 1314, 1320 (11th Cir. 2003). The district court must first make individualized findings concerning the scope of criminal activity undertaken by the defendant, and then determine the drug quantities reasonably foreseeable in connection with that level of participation. *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993) (citing U.S.S.G. § 1B1.3 cmt. n.2). "If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." *Id.*

After carefully reviewing the record, the sentencing transcript, and the parties' briefs, we discern no reversible error. At sentencing, the district court did not make an express finding as to the scope of Roche's participation in the conspiracy. It did, however, make an express finding that Roche was responsible

3

for at least 11,152 marijuana plants, and the record evidence amply supports that finding.  We accordingly hold the district court did not clearly err in calculating Roche's base offense level, and we affirm his 73-month sentence.

**AFFIRMED.**