[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12447
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS MIGUEL GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 12, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Alexis Miguel Gonzalez appeals his concurrent 84-month sentences imposed

after pleading guilty to conspiracy and possession with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846. He asserts the district court erred by: (1) holding him accountable for 11,152 marijuana plants, (2) denying a minor-role reduction, and (3) imposing unreasonable sentences. We affirm his sentences.

I. DISCUSSION

A. *Drug quantity*

Gonazalez contends he was involved only with marijuana plants at a residence on Kennel Street. Gonzalez asserts he should not have been held accountable for the marijuana plants located at the North Zambria residence because his mere knowledge of the plants there did not bring them within the scope of his agreement.

We review for clear error a district court's findings regarding the scope of the defendant's criminal activity and the quantity of drugs reasonably foreseeable to that defendant. *United States v. Hansley*, 54 F.3d 709, 714 (11th Cir. 1995). The Guidelines provide relevant conduct factors determining the sentencing range include: "in the case of a jointly undertaken criminal activity. . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during commission of . . ., in preparation for . . ., or

in the course of attempting to avoid detection or responsibility for that offense."

U.S.S.G. § 1B1.3(a)(1)(B). "Because a count may be worded broadly and include

the conduct of many participants over a period of time, the scope of the criminal

activity jointly undertaken by the defendant (the 'jointly undertaken criminal

activity') is not necessarily the same as the scope of the entire conspiracy." *See id.*

§ 1B1.3, comment. (n.2). With respect to a jointly undertaken controlled substance

offense, the defendant is accountable for "all reasonably foreseeable quantities of

contraband that were within the scope of the criminal activity that he jointly

undertook." *Id.* We may uphold the sentence "'if the record supports the amount

of drugs attributed to'" the defendant. *Hansley*, 54 F.3d at 714 (quoting *United

States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993)).

The record supports the district court's finding that Gonzalez could have

foreseen the plants at *both* the Kennel and North Zambria residences were part of

the marijuana-distributing conspiracy. First, Gonzalez admitted during his change-

of-plea hearing he knew about the marijuana plants at the North Zambria

residence, and "would grow [ ] marijuana plants or help in growing them" at the

Kennel residence, working alongside codefendants Romero and Guevara for

codefendant Vita, so that Vita could sell the plants. Additionally, Gonzalez

admitted at sentencing that he knew about the marijuana plants at the North

3

Zambria residence, and he was caring for plants at the Kennel residence. The district court, thus, had a basis upon which to find Gonzalez could have foreseen the conspiracy involved the distribution of plants at both residences. Accordingly, we affirm the drug-quantity finding.

B. *Minor-role reduction*

Gonzalez asserts he was entitled to a minor-role reduction because he was: (1) involved only with marijuana plants at the Kennel Street residence, (2) less culpable than codefendant Yoandy Rojas Guevara, and (3) erroneously held to the standard to prove eligibility for a minimal-role reduction.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir.1999) (*en banc*). The Guidelines provide for a two-level decrease in a defendant's offense level if the court finds the defendant was a minor participant in the criminal activity, and a four-level decrease if he was a minimal participant. U.S.S.G § 3B1.2. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal," while a minimal participant is one "who [is] plainly among the least culpable of those involved in the conduct of a group." *Id.* § 3B1.2, comment. (n.4-5).

4

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. Furthermore, "that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor . . . participants." *Id.* The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

The district court did not clearly err in failing to grant a minor-role reduction. First, as stated above, the district court did not err in determining Gonzalez's conduct included accountability for the 11,152 marijuana plants at both the Kennel and North Zambria residences. Second, Gonzalez did not prove he was less culpable than most other participants,[1] all of whom helped cultivate marijuana

---

[1] Although Guevara's vehicle was located outside the North Zambria residence while "several young men" transported garden supplies, and Guevara was charged in a separate conspiracy

5

plants and further Jose Vita's conspiracy to sell drugs. *Id.* While the district court incorrectly stated it was denying the minor-role reduction because Gonzalez was aware of the scope and structure of the conspiracy, *see* U.S.S.G. § 3B1.1, comment. (n.4) (stating "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant"), this error was harmless because Gonzalez nonetheless failed to carry his burden of proving he was entitled to the reduction, *see De Varon*, 175 F.3d at 939 (proponent of reduction bears burden). Accordingly, we affirm the denial of the minor-role reduction.

C. *Reasonableness*

Lastly, Gonzalez contends his 87-month concurrent sentences are unreasonable because he had no prior criminal record and a limited role in the offense, and the district court failed to give "any real effect to the mental health mitigation," especially where Guevara and Romero received very similar sentences despite their lack of mental health issues.

---

in Miami, Guevara's criminal conduct does not excuse Gonzalez from his relevant conduct, which conduct the district court considered while ruling on the request for a minor-role reduction, *see De Varon*, 175 F.3d at 940.

We review post-*Booker* sentences for reasonableness in light of the factors set forth in § 3553(a). *United States v. Booker*, 125 S. Ct. 738, 765 (2005).[2] A party challenging a sentence bears the burden of establishing the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Factors listed in § 3553(a) include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal activity, and protect the public from future crimes by the defendant; and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(1)-(2), (6).

Gonzalez's sentences are reasonable. The district court explained it had imposed 84 months' imprisonment because the Guidelines sentence was one factor to consider, and Gonzalez had been involved with the "enormous quantity" of 11,152 marijuana plants, which could have "found their way to the streets." The court also noted Dr. Scronce's report regarding Gonzalez's mental status, and stated it could have sentenced Gonzalez to 87 months' imprisonment, but chose 84 months due to his mental issues and to be consistent with the sentences imposed on his codefendants. Accordingly, besides explicitly mentioning that it had

---

[2] While the Government argues that plain-error review should apply, we need not address this contention because Gonzalez's argument fails even under a reasonableness standard.

7

considered "all the factors identified in Title 18, United States Code, Section 3553(a)(1) through (7)," the court explicitly considered (1) Gonzalez's personal characteristics, (2) the seriousness of the offense, and (3) his codefendants' sentences. Given the court's thorough analysis and that Gonzalez was sentenced within the Guidelines range of 70 to 87 months' imprisonment, *see United States v. Hunt*, 459 F.3d 1180, 1183-86 (11th Cir. 2006) (though not automatically entitled to substantial weight, a Guidelines-range sentence is often warranted), he cannot show his sentences are unreasonable.

## II. CONCLUSION

The district court did not err by holding Gonzalez accountable for the plants at the North Zambria residence, or denying a minor-role reduction. Additionally, Gonzalez's sentences are reasonable.

**AFFIRMED.**