[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16319
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00024-CR-005-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY HODGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 15, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Johnny Hodges appeals his 137-month sentence for conspiracy to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Hodges argues that the district court erred by (1)

sentencing him based on (a) contested facts contained in the presentence investigation report ("PSI") and (b) a November 2004 drug transaction, and (2) denying him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. After careful review, we affirm.

The district court's findings concerning relevant conduct for sentencing purposes are reviewed for clear error. United States v. Query, 928 F.2d 383, 386 (11th Cir. 1991). Additionally, we review the district court's finding of the drug quantity attributable to a defendant for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998). We also review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). However, where a defendant fails to raise an issue before the district court, we review for plain error. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). We will correct a plain error only if (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotations omitted).

First, we find no merit in Hodges's claim that the bases of the district court's sentence were incorrect. A member of a drug conspiracy is liable for his own acts and the reasonably foreseeable acts of others in furtherance of the activity that the defendant agreed to undertake. See United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993); U.S.S.G. § 1B1.3(a)(1)(B). The district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant, and then determine the drug quantities reasonably foreseeable in connection with that level of participation. See Ismond, 993 F.2d at 1499. Even if the district court does not make individualized findings, the sentence can be upheld if the record supports the amount of drugs attributed to a defendant. Id. The district court may rely on undisputed statements in the PSI, even in the absence of supporting evidence. See United States v. Hedges, 175 F.3d 1312, 1315 (11th Cir. 1999). "A sentencing error, under the Guidelines, is harmless if a court considers the proceedings in their entirety and determines that the error did not affect the sentence or had but very slight effect." United States v. Campa, 529 F.3d 980, 1013 (11th Cir. 2008) (quotations omitted). "If we can say with fair assurance that the sentence was not substantially swayed by the error, we may affirm." Id. (quotations omitted).

As the record here shows, Hodges never objected to paragraphs 17, 21, and 22 in the PSI, and the district court was therefore entitled to accept the statements contained in these paragraphs as true. See Hedges, 175 F.3d at 1315. Based on the undisputed statements contained in these paragraphs of the PSI, together with the facts contained in the plea agreement, a preponderance of the evidence established that Hodges knew of or reasonably foresaw his co-conspirators' concealment of drugs in the area surrounding the club, and the district court did not commit clear error by attributing these drug quantities to Hodges. Furthermore, although the district court erred in considering the 2004 transaction as part of the conspiracy, this error was harmless, because it had only a slight, if any, effect, on his ultimate sentence. See Campa, 529 F.3d at 1013.[1]

We also reject Hodges's argument that the district court erred in determining that he was not entitled to an offense level reduction for acceptance of responsibility. A defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). In determining whether a defendant qualifies for the two-level reduction, a district

---

[1] While it could be argued that the district court would have sentenced Hodges to a mid- or low-range sentence -- rather than the high-end sentence he received -- if the total drug amount was reduced and the 2004 transaction was not considered as part of the conspiracy, we are not persuaded that the district court would have done so. Indeed, the district court specifically stated that the high-end sentence was based on Hodges's prior criminal history and the fact that the court did not apply the career offender enhancement. Furthermore, even without the 2004 transaction, the drug quantity involved remained well above the 1,000 kilogram amount.

court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or [did] not falsely deny[] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n.1(a)). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

As an initial matter, we review for plain error Hodges's objection to the denial of an acceptance of responsibility reduction, because Hodges failed to object to the denial of the reduction either in his PSI objections or at sentencing. Although Hodges objected to paragraph 29 of the PSI, which explained the denial of an acceptance of responsibility reduction, he simply requested that the paragraph be amended to reflect that he played a minor role in the conspiracy. Nor did his inquiry at the conclusion of the sentencing proceeding regarding whether the district court factored an acceptance of responsibility reduction into its calculations take the form of an objection to the failure to grant such a reduction.

On this record, it was not error, let alone plain error, for the district court to deny Hodges an acceptance of responsibility reduction. In his objections to the PSI and at his sentencing hearing, Hodges challenged the drug quantities

5

attributable to him. In addition, at sentencing Hodges admitted only to "being in the nightclub working there and being around people who sell drugs." He further denied selling drugs for a co-conspirator and denied the assertion that he was involved in a conspiracy. Hodges at no time during sentencing or in his objections to the PSI admitted to being involved in the conspiracy or admitted that he was responsible for any quantity of narcotics. Under these circumstances, Hodges was not entitled to a reduction for acceptance of responsibility and the court's failure to grant such a reduction was not error, let alone plain error.

Accordingly, we affirm Hodges' sentence.

**AFFIRMED.**