[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15527
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00152-CG-B-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT RIVAS-GRANADOS,
a.k.a. Uver,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 11, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Hubert Rivas-Granados was convicted by a jury of knowingly and wilfully

conspiring to possess with intent to distribute more than 500 grams of cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  The indictment in his case charged

nine others, including his wife, and alleged that the conspiracy lasted from early 2009 until around June 2010.  His mother-in-law, who was charged separately, also took part in the conspiracy, coordinating transportation of cocaine from Houston, Texas to Mobile, Alabama.  At sentencing, the district court found that Rivas-Granados's offense, which included transporting the cocaine and coordinating activities of several coconspirators, involved between 50 and 150 kilograms of cocaine, and imposed a prison term of 324 months.  On appeal, Rivas-Granados argues that the district court erred by finding that his offense involved 50-150 kilograms of cocaine.  After careful review, we affirm.

"With respect to Sentencing Guidelines issues, [we review] purely legal questions de novo, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with due deference."  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010) (quotations omitted).  We review the district court's drug quantity determination for clear error.  See United States v. Lawrence, 47 F.3d 1559, 1565 (11th Cir. 1995).  Whether the district court misapplied U.S.S.G. § 1B1.3, the relevant conduct guideline, is a purely legal question reviewed de novo.  United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004).

The guideline provision for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, is § 2D1.1.  See

2

U.S.S.G. app. A.    Under that section, the defendant's base offense level is determined according to the quantity of drugs involved in his offense.  U.S.S.G. § 2D1.1(a)(5), (c).  When a guideline provision specifies more than one base offense level, and where the offense involves jointly undertaken criminal activity, the court should attribute to the defendant all reasonably foreseeable acts and omissions of others in furtherance of the criminal activity jointly undertaken by him.  Id. § 1B1.3(a)(1)(B).

The court must make individualized factual findings.  See United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003).  First, the court must determine the scope of the criminal activity the defendant agreed to jointly undertake.  United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003) (citing cases).  In making such a determination, the court may consider implicit agreements fairly inferred from the conduct of the defendant and others.  Id. at 1319-20.  Second, the court must determine whether the conduct of others was in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant.  Id. at 1319.  Nonetheless, if the district court does not make factual findings regarding the scope of the criminal activity jointly undertaken by a particular defendant before attributing to him the acts of others, the sentence may still be upheld if the record supports the amount of drugs attributed to him.  United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993).

3

The defendant's mere knowledge of the existence of a larger criminal undertaking is insufficient to show that he agreed to participate in the entire criminal undertaking.  See Hunter, 323 F.3d at 1320-21.  However, when the evidence shows that a defendant knew other participants in a scheme, was aware of their activities, and aided and abetted those activities, the district court may infer that an agreement by the defendant to join in the larger criminal scheme existed.  See id. at 1322.  The extent of the defendant's knowledge of and participation in the undertaking and whether he took steps to further the scheme are also relevant.  See McCrimmon, 362 F.3d at 732-33.  In addition, if a defendant did not withdraw from the conspiracy, he is accountable for the acts of others for the duration of the conspiracy, starting from the time he agreed to participate.  See United States v. Rodriguez, __ F.3d __, 2014 WL 1924440, *9 (11th Cir. May 15, 2014).

The Sentencing Guidelines provide that, where there was no drug seizure, or the amount seized does not reflect the scale of the offense, the district court should approximate the quantity of drugs involved in the offense.  See U.S.S.G. § 2D1.1, comment. (n.5).  In making such a determination, the court may consider similar drug transactions by the defendant.  Id.  It may also consider uncharged criminal activity outside of the conspiracy for which the defendant was convicted if the uncharged activity was sufficiently related to that conspiracy.  United States v. Simpson, 228 F.3d 1294, 1301-02 (11th Cir. 2000).  We have emphasized that the

4

calculation "may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, [but it] cannot be based on calculations of drug quantities that are merely speculative." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir.1998).

Here, the district court found, generally, that Rivas-Granados was responsible for more than 50 kilograms of cocaine. While it did not make individualized factual findings regarding the entire scope of criminal activity he jointly undertook, the record plainly supports attribution of at least 50 kilograms of cocaine to Rivas-Granados through his transactions with the Nelson brothers, Daniel Langley's activities, and his trip for his mother-in-law in June 2011. Therefore, it is unnecessary to determine whether the record supports attributing additional amounts to Rivas-Granados through the activity of other members of the conspiracy. Accordingly, the district court did not clearly err in calculating Rivas-Granados's base offense level.

**AFFIRMED.**