[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15748
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00034-RV-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARED L. HESTER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(October  14, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jared Hester appeals his sentence of 97 months of imprisonment, imposed

following resentencing, for conspiring to possess and distribute pseudoephedrine

with the knowledge or having reasonable cause to believe that it would be used to manufacture methamphetamine. 21 U.S.C. §§ 841(c)(2), 846. Hester challenges the calculation of his base offense level based on a factual finding that he was responsible for more than 70 grams and less than 100 grams of pseudoephedrine. *See* United States Sentencing Guidelines Manual § 2D1.11(d)(5) (Nov. 2013). We affirm.

Hester argues that most of pseudoephedrine attributed to him was purchased for lawful use, but the district court did not clearly err in making a contrary finding. The district court found that, of the 40 boxes of pseudoephedrine that Hester bought, he acquired 37 of the boxes for manufacturing methamphetamine. That finding reasonably could have been based on the trial testimony of three of Hester's coconspirators that they saw Hester purchase pseudoephedrine and give it to a coconspirator who manufactured methamphetamine. The district court was entitled to credit the coconspirators' accounts, which were consistent with certified records from seven pharmacies showing that Hester and his coconspirators had made their purchases in tandem. *See United States v. Pham*, 463 F.3d 1239, 1244 (11th Cir. 2006). Although Hester's wife testified at sentencing that Hester gave her 30 of the boxes of extended-release medicine to treat her allergies, the district court reasonably discredited that testimony as inflating the amount of "Sudafed tablets she [could have] consumed."

2

The district court did not clearly err in finding that Hester was responsible for more than 70 grams and less than 100 grams of pseudoephedrine. A defendant's base offense level is determined based on his actions and "all reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Hester does not dispute that he purchased 34.42 grams of pseudoephedrine from the same pharmacy and within a few minutes of when his coconspirators purchased an additional 46.18 grams of the substance. The district court was entitled to find that Hester knew or reasonably could have foreseen that the more than 80 grams of pseudoephedrine would be used to manufacture methamphetamine. *See United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993). The district court correctly assigned Hester a base offense level of 30. *See* U.S.S.G. § 2D1.11(d)(5).

We **AFFIRM** Hester's sentence.