[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10974
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20529-JAL-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RHAKEIM THOMAS,
a.k.a. King,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Rhakeim Thomas appeals his sentence of 57 months of imprisonment for conspiring to possess with intent to distribute a controlled substance. 21 U.S.C. §§ 841(a)(1), 846. Thomas argues that the district court "failed to make specific, individualized findings" explaining its decision to hold him accountable for all the drugs sold during his participation in the conspiracy. We affirm.

The district court did not clearly err. Thomas admitted in his factual proffer that he "willingly joined [a] plan" to "distribut[e] illegal narcotics" and that he "managed [two] trap houses [from which he] sold narcotics" and "regularly updated [the leaders of the conspiracy] regarding the status of the trap houses, and requested resupplies when the supply of narcotics was running low." Thomas also admitted that his coconspirators sold cocaine base, powder cocaine, Ethylone, Alprazolam, and marijuana and that "law enforcement recovered more than 83 grams of crack cocaine and more than 160 grams of powder cocaine." These admissions provided specific and reliable evidence on which the district court based its finding that "[t]he scope of [Thomas's] agreement was to sell illegal narcotics from the trap houses" for "the time period" he participated in the conspiracy. *See United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). The district court was entitled to, in its words, hold Thomas "accountable for his sales and the sales of other persons [of the various types of narcotics] . . . during the time period for which he sold drugs at the trap house" because "the conduct of

2

each of those persons was within the scope of the jointly undertaken criminal activity," was made "in furtherance of that criminal activity[,] and was reasonably foreseeable in connection with that criminal activity." *See* United States Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (Nov. 2015); *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993) ("For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity."). And Thomas agreed that the government made a "reasonable" estimate that, during his participation, the conspiracy sold 120 grams of cocaine base and 120 grams of powder cocaine. Ample evidence supported the amount of drugs attributed to Thomas.

We **AFFIRM** Thomas's sentence.