[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14059
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00259-TFM-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARINO CHRISTIAN NAPURI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 31, 2020)

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Marino Christian Napuri appeals his sentence of 60 months of imprisonment following his pleas of guilty to conspiring to possess with intent to distribute marijuana and to traveling in interstate commerce for a drug enterprise. 21 U.S.C. § 846; 18 U.S.C. § 1952(a)(3). Napuri argues that his sentence is procedurally unreasonable because the district court disregarded the parties' stipulations, overstated the quantity of drugs attributable to him as a courier, disregarded the statutory sentencing factors, and failed to state the reasons for its chosen sentence. Napuri also argues that his sentence is substantively unreasonable because the district court should have sentenced him within or below his advisory guideline range. We affirm.

The district court did not clearly err in finding that Napuri was responsible for 100 to 400 kilograms of marijuana and adopting the total offense level of 19 provided in his presentence investigation report. *See* United States Sentencing Guidelines Manual § 2D1.1(c)(8) (2018). Napuri argues that the district court should have accepted his stipulation to an offense level of 18 based on his admission to transporting 45 kilograms of marijuana on three occasions from Los Angeles, California, to Jonathan Perryman in Mobile, Alabama, but the district "court was not bound by the parties' stipulation," *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir. 1989). The district court reasonably found that Napuri's trafficking was more extensive based on his admission to taking 19 more "turn-

2

around trips," his travel and telephone records, and the testimonies of two agents of the Drug Enforcement Agency. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). Records obtained from airlines showed that Napuri purchased his tickets shortly before his trips, which an agent testified was consistent with drug trafficking. The records also showed that his luggage averaged 35 pounds, which, when multiplied by his 21 trips, exceeded the maximum of 400 kilograms used to calculate his sentence. And the district court was entitled to hold Napuri responsible for the reasonably foreseeable trafficking activities of his coconspirators, including 55 kilograms of marijuana that agents seized from two fellow couriers. *See United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993); *see also* U.S.S.G. § 2D1.1 cmt. n.5. Napuri contacted the couriers regularly and their drugs were packaged similarly to the marijuana Napuri delivered to Perryman. The district court made a "fair, accurate, and conservative estimate[] of" the quantity of drugs Napuri trafficked for the conspiracy. *See United States v. Reeves*, 742 F.3d 487, 506 (11th Cir. 2014).

The district court provided an adequate explanation for its chosen sentence. It stated that the statutory sentencing factors supported its decision to vary upward 23 months from the high end of Napuri's recommended sentencing range of 30 to 37 months. *See Gall v. United States*, 552 U.S. 38, 41 (2007). The district court expressed dismay at Napuri's knowledge of juveniles' involvement and of the size

of the organization, his regular communication with its leader, the illegal purpose for his trips, his geographic proximity to the marijuana, and the magnitude of the drug trafficking. *See* 18 U.S.C. § 3553. The district court also predicted that, although Napuri had no criminal record, he was likely to be a recidivist based on his familiarity with his coconspirators, his continued participation after agents discovered him in possession of drug proceeds, and his lack of candor about the extensiveness of his drug trafficking. *See id.* The district court committed no procedural error when imposing Napuri's sentence.

The district court also did not abuse its discretion by sentencing Napuri to concurrent sentences of 60 months of imprisonment. Napuri served as a repeat courier in an extensive enterprise that trafficked large quantities of marijuana from California to Florida. After federal agents seized from Napuri more than $35,000 concealed in luggage that emitted an "extremely strong odor of marijuana," he maintained contact with his supplier and fellow couriers. The district court reasonably determined that Napuri's insight into and contacts with the drug trade, his attempt to downplay his role in the conspiracy, and his relationship with juveniles involved in the trafficking warranted imposing the maximum statutory penalty. *See id.* Napuri's sentence is substantively reasonable.

We **AFFIRM** Napuri's sentence.