[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10564
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-00288-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN APPLEFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Applefield, proceeding pro se, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion. For the following reasons, we affirm the district court's order.

I.

In 2003, Applefield pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). According to the Presentence Investigation Report ("PSI"), Applefield was a "local distributor of cocaine" who was supplied by Michael Arline, a leading figure in a large drug trafficking conspiracy. The PSI stated that Applefield had obtained between five and ten kilograms of powder cocaine from Arline, "most of" which was cooked into crack cocaine.

According to the PSI, the powder cocaine was cooked into crack cocaine using two different methods: "tension," which increased the powder cocaine into 50% more crack cocaine, and "blow up," which almost doubled the powder cocaine into crack cocaine. The PSI did not specify how much of the cocaine was cooked using the "tension" method, and how much was cooked using the "blow up" method. The PSI concluded that Applefield was responsible for "well in excess" of 1.5 kilograms.

Applefield initially objected to the drug quantity listed in the PSI, but he withdrew that objection at the sentencing hearing. The district court adopted the

factual findings in the PSI, and sentenced Applefield to a term of 292 months' imprisonment. Applefield did not appeal his conviction or sentence.

In June 2008, Applefield filed the present § 3582(c)(2) motion based on Amendments 706 and 711 to the Sentencing Guidelines. The district court denied Applefield's motion on the ground that his offense had involved more than 4.5 kilograms of crack cocaine.

## II.

On appeal, Applefield argues that the record does not support the district court's finding that he was responsible for over 4.5 kilograms of crack cocaine. "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court's findings of fact are reviewed for clear error. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). We will not remand for clear error unless it has "a definite and firm conviction that a mistake has been made." Id. (quotation omitted). We may affirm the district court on any ground supported by the record. United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

Section 3582(c)(2) gives district courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based

on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" and therefore, is not authorized under § 3582(c)(2), if the retroactive amendment does not have the effect of lowering the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In considering whether a defendant is eligible for a sentence reduction, the district court considers only the effect of the applicable guideline amendment, and leaves all other factual findings and guideline application decisions made during the original sentencing unchanged. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); see also United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (in ruling on a defendant's § 3582(c)(2) motion, the district court may not re-examine drug quantity determinations made during the original sentencing hearing).

Amendment 706 reduced the base offense level for amounts of cocaine of at least 1.5 kilograms but less than 4.5 kilograms from 38 to 36. See U.S.S.G. § 2D1.1(c)(2). Nevertheless, amounts of 4.5 kilograms or more of crack cocaine are still subject to a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). Thus, a

4

defendant responsible for 4.5 kilograms or more of crack cocaine is not eligible for a sentence reduction under Amendment 706. Jones, 548 F.3d at 1369.

"For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993); U.S.S.G. § 1B1.3(a)(1)(B). "Thus, to determine a defendant's liability for the acts of others, the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant." Id. "Once the extent of a defendant's participation in the conspiracy is established, the court can determine the drug quantities reasonably foreseeable in connection with that level of participation." Id. "If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." Id.

"It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. It is also established law that the failure to object to a district court's factual findings precludes the argument that there was error in them." United States v. Wade, 458 F.3d 1273, 1277 (11th Cir.

5

2006) (citations omitted).  In making sentencing determinations, the district court may rely upon the undisputed facts in the PSI, even in the absence of supporting evidence.  United States v. Hedges, 175 F.3d 1312, 1315 (11th Cir. 1999).

In this case, Applefield initially objected to the PSI's findings concerning drug quantity, but he later withdrew that objection at the sentencing hearing.  Thus, Applefield is deemed to have admitted those facts for sentencing purposes.  Applefield raised the issue of quantity below; therefore we review the district court's rejection of his argument for clear error.  The PSI stated that most of the five to ten kilograms of the cocaine that Applefield received was cooked into crack cocaine by using either tension or blow up methods.  Using the conservative figure of three kilograms (sixty percent of five kilograms, the lower end of the range) processed via the tension method, which increases the mass by only fifty percent, Applefield possessed the requisite 4.5 kilograms to support the district court's finding.  "Most" is equivalent to at least sixty, if not more, percent, and the PSI said that the blow up method was also used; therefore, 4.5 kilograms is the lowest amount that could logically be calculated from the PSI.

**AFFIRMED.**