[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14986
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00279-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN ORTUNA-HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Julian Ortuna-Herrera appeals his total sentence of 292 months' imprisonment for conspiracy to possess with intent to distribute cocaine and for conspiracy to launder money. On appeal, he argues that: (1) the government did

not present sufficient evidence to support the guideline calculations, and the court erred by relying only on disputed portions of his presentence investigation report ("PSI"); and (2) based on these errors his sentence was procedurally unreasonable, and also was substantively unreasonable. After careful review, we affirm.

We review a district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Grant, 397 F.3d 1330, 1332 (11th Cir. 2005). We review for clear error a district court's enhancement of a defendant's offense level based on his role as an organizer or leader. United States v. Gupta, 463 F.3d 1182, 1197 (11th Cir. 2006). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Ortuna-Herrera's claim that the district court clearly erred in determining the drug quantity attributable to him. Undisputed statements found in the PSI can be considered to be admissions of fact for sentencing purposes. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009). When any portion of the PSI is disputed, however, the sentencing court is required to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect the sentencing, or because the court will not

2

consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(B). Mere adoption of the PSI does not satisfy the district court's obligation to resolve objections raised at sentencing. United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997) (citing United States v. Page, 69 F.3d 482, 493-94 (11th Cir. 1995) (noting that PSI findings that have not considered the parties' objections may be unreliable).

"In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a) (Nov. 2008). A district court's failure to make explicit findings about the reliability of evidence "does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000).

The government has the burden to establish drug quantity by a preponderance of the evidence. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). But, where the government's estimation of drug quantity is not rebutted by the defendant, the district court does not commit clear error by basing its own estimation of drug quantity solely upon the evidence introduced by the government. See United States v. Ramsdale, 61 F.3d 825, 831 (11th Cir. 1995).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 cmt. n.12. The court's approximation should produce a "fair, accurate, and conservative estimate[ ] of the quantity of drugs attributable to a defendant" and should not be "merely speculative." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998). The court may consider "evidence offered at sentencing to establish the amount of [a drug] that could have been produced by the defendants' conspiracy." United States v. Carroll, 6 F.3d 735, 742 (11th Cir. 1993).

A member of a drug conspiracy is liable not only for his own acts, but also for the acts of others "in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993). This rule applies to drug quantity determinations. See U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.2. In such cases, the court must make individualized findings as to a defendant's scope of involvement, and then determine the drug quantities "reasonably foreseeable" to that defendant given his level of participation. Ismond, 993 F.2d at 1499. Even if the court fails to make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to the defendant. Id.

4

In this case, the record shows that after Ortuna-Herrera objected to certain portions of the PSI, the government introduced information to support the drug quantity determinations outlined in the PSI, and the court did not err by considering this information. Importantly, while Ortuna-Herrera challenged the information introduced as not showing a drug quantity attributable to him and generally challenged the process the government used to estimate the drug quantity, he did not specifically argue that the information itself was inaccurate or unreliable. Moreover, while he challenged the government's drug quantity estimate, he did not submit any evidence in rebuttal. As a result, the court did not err in relying on the government's information, as it was reliable. Furthermore, given the information provided by the government, and the concession of a codefendant who partnered with Ortuna-Herrera in the offense that the offense involved over 150 kilograms of cocaine, the district court did not clearly err in holding Ortuna-Herrera responsible for over 150 kilograms of cocaine.

Nor did the district court clearly err in imposing a dangerous weapon enhancement. Guidelines Section 2D1.1 provides that a defendant's offense level should increase two points "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The Sentencing Commission has noted that "[t]he enhancement for weapon possession reflects the increased danger of

5

violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3.

To justify the dangerous weapon enhancement, the government must show by a preponderance of the evidence that either the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense. United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006). If the government meets its burden, the burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was "clearly improbable." Id. (internal citation and quotation marks omitted).

The defendant does not have to use the firearm to facilitate the commission of the offense. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). In establishing a connection between the firearm and a drug conspiracy, we have held that the firearm enhancement "'is to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction.'" United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006).

Here, Ortuna-Herrera does not dispute that a weapon was found at the residence, and the evidence shows that evidence of drug trafficking (equipment and proceeds) were also found at the residence. The government thus met its burden to

6

show the presence of a weapon at the site of the charged conduct, and Ortuna-Herrera failed to provide any evidence showing that the connection between the firearm and the offense was "clearly improbable." As a result, the court did not clearly err in applying the two-point dangerous weapon enhancement. See id.

Ortuna-Herrera has also failed to show that the district court clearly erred in imposing an aggravating role enhancement. The Guidelines provide for a two-level increase to a defendant's offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity. . . ." U.S.S.G. § 3B1.1(c). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000); see also U.S.S.G. § 3B1.1 cmt. n.2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). Among other factors, a court should consider:

> the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

7

U.S.S.G. § 3B1.1 cmt. n.4. "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

The record here showed, at a minimum, that Ortuna-Herrera organized the receipt of large amounts of cocaine and worked to distribute large amounts of cocaine -- eight kilograms in one instance -- to others. Based on this record, including evidence that the operations were extensive, covering Atlanta and part of Florida, and that Ortuna-Herrera was considered a partner in the operations, the district court did not clearly err in applying the two-level enhancement.

Finally, we are unpersuaded by Ortuna-Herrera's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each §

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness

8

3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

---

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

9

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). Moreover, when considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum. See, e.g., United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

On this record, Ortuna-Herrera has failed to establish that his total sentence of 292 months is procedurally unreasonable. As the record shows, the district court properly determined his guidelines range and adequately considered the § 3553(a) factors and the parties' arguments.

He has also failed to demonstrate that his total sentence is substantively unreasonable in light of the § 3553(a) factors. In particular, the offense was serious given the amount of cocaine and drug proceeds involved, along with the fact that weapons were present during the offense. In addition, the district court downwardly varied from the guideline range of 360 months' to life as to Count 1. Accordingly, the district court did not abuse its discretion in imposing a total sentence of 292 months, and we affirm.

**AFFIRMED.**

10