[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15815
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00017-MMH-JRK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND DEANGELO MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 20, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Roland Deangelo Martin appeals his convictions and sentences for conspiracy to distribute 500 grams or more of cocaine and marijuana, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime.  On appeal, Martin argues that: (1) the district court erred in admitting testimony that a drug-detection dog signaled the presence of drugs on money seized from Martin; (2) there was insufficient evidence to convict him of a single conspiracy to possess cocaine and marijuana, instead of multiple conspiracies; (3) the district court erred in denying his motion for new trial because (a) the evidence established only his "mere presence" in the house where drugs were sold, (b) the government did not prove a nexus between Martin's possession of a firearm and the drug-trafficking enterprise, and (c) the drug conspiracy count was duplicitous; and (4) his sentence was procedurally and substantively unreasonable because the court failed to make an individualized finding regarding drug quantity, failed to reduce his offense level based on his minor role in the offense, and should have imposed only the 60-month mandatory minimum term for Counts 1 and 4.  After careful review, we affirm.

A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).  Whether the evidentiary ruling violated a constitutional guarantee is reviewed de novo.  United States  v. Sarras, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009).  "We review the

2

sufficiency of evidence supporting a criminal conviction de novo, with the evidence viewed in the light most favorable to the government and all reasonable inferences and credibility choices made in the government's favor." United States v. Frank, 599 F.3d 1221, 1233 (11th Cir. 2010) (quotations omitted).  The district court's denial of a motion for new trial is reviewed for abuse of discretion.  See United States v. Lee, 586 F.3d 859, 865 (11th Cir. 2009).  We review the legal correctness of jury instructions de novo and the district court's phrasing of the instructions for abuse of discretion.  See United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000).  The sentence a district court imposes is reviewed for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  Finally, we review for clear error a district court's determination of whether a defendant is entitled to a mitigating-role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).[1]

First, we are unpersuaded by Martin's claim that the district court erred in admitting testimony that a drug-detection dog signaled the presence of drugs on

---

[1] However, new arguments not raised in the district court are reviewed only for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).  The requirements for plain error are as follows: (1) an error occurred (2) that was plain and (3) affected substantial rights, and (4) not correcting the error would seriously affect the fairness of the judicial proceeding. Id. at 732-35.

3

money seized from Martin.  In United States v. Hernando Ospina, 798 F.2d 1570, 1583 (1986), we held that testimony that drug-detecting dogs signaled the presence of narcotics "was obviously relevant as having a tendency to make the existence of a fact, i.e., that the currency was tainted by narcotics, more probable than it would be without the evidence, under Fed.R.Evid. 401."

Here, the district court did not abuse its discretion in allowing the dog handler's testimony.  We have said in the context of examining an officer's reliance on a dog alert to establish probable cause that the "training of a dog alone is sufficient proof of reliability."  United States v. Sentovich, 677 F.2d 834, 838 n.8 (11th Cir. 1982).  The government presented extensive proof that the dog had been trained and certified and was reliable -- including that the dog had completed a 260-hour class with his handler, had been "certified" annually, and  participated in regular training exercises with his handler once or twice a week.  Thus, the handler's testimony that the dog signaled the presence of drugs on Martin's money was relevant to the issue of whether Martin possessed cocaine with the intent to distribute it.

Next, we find no merit in Martin's claim that there was insufficient evidence to convict him of a single conspiracy to possess cocaine and marijuana.  "To sustain a conviction for conspiracy to distribute narcotics the government must prove that (1) an agreement existed between two or more people to distribute the drugs; (2) that the

4

defendant at issue knew of the conspiratorial goal; and (3) that he knowingly joined or participated in the illegal venture." United States v. Brown, 587 F.3d 1082, 1089 (11th Cir. 2009) (quotations omitted). "In determining whether a jury could have found a single conspiracy, this Court considers: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants." United States v. Moore, 525 F.3d 1033, 1042 (11th Cir. 2008).

"A variance occurs when the evidence at trial establishes facts materially different from those alleged in the indictment." United States v. Reed, 980 F.2d 1568, 1581 (11th Cir. 1993). "We do not reverse convictions because a single conspiracy is charged in the indictment while multiple conspiracies may have been revealed at the trial unless the variance is [1] material and [2] substantially prejudiced the defendant." Brown, 587 F.3d at 1092 (quotations omitted).

Here, there was no material variance, because, viewed in the light most favorable to the government, the evidence at trial was sufficient to establish a single conspiracy to distribute cocaine and marijuana from January 2009 through September 2, 2009, as alleged in the indictment. The confidential informant, William Alderman, testified that Martin served as an armed guard and doorman during Alderman's transactions with Anthony Terry. Alderman testified that, every time he bought drugs from Terry, Martin was there with a gun. On the day of the controlled buy, Martin

5

answered the door carrying a Glock .40 caliber handgun.  Martin observed the entire drug transaction and followed Alderman to the door after it was completed.  Alderman also testified that he had seen Martin selling smaller amounts of cocaine.  Moreover, Martin was carrying $1320 at the time of arrest that, the evidence suggested, had been in contact with narcotics.

On this record, the evidence established that Martin worked in furtherance of the drug distribution scheme by serving as an armed doorman during Terry's drug sales and by selling small amounts of drugs himself.  Further, even if there were multiple conspiracies, Martin could not have been substantially prejudiced at trial, because the case involves only two defendants and the jury was unlikely to be confused by the evidence about Martin's role.  See Reed, 980 F.2d at 1583. Thus, the jury was entitled to infer Martin's participation in a single conspiracy to sell narcotics from January 2009 until September 2009.  Because this was the conspiracy charged in the indictment, Martin is not entitled to relief from the conspiracy conviction.

We also disagree with Martin's argument that the district court erred in denying his motion for new trial.  "On a motion for a new trial based on the weight of the evidence, the [district] court need not view the evidence in the light most favorable to the verdict," instead, "may weigh the evidence and consider the credibility of the witnesses."  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

6

However, it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-13. We have noted that such motions "are not favored," and are to be granted "sparingly and with caution," and only in "exceptional cases." Id. at 1313.

As we've just briefly described, the evidence established that Martin was more than a mere bystander, that he exercised dominion and control over the cocaine that was sold, and that he intentionally contributed to and furthered a criminal offense. This conclusion is further supported by the additional trial testimony from a woman who said that Martin was alone in the house when she arrived with Terry on the day of the arrest, and that she had seen Martin coming from the back part of the house. Moreover, to the extent that Martin is raising for the first time a challenge to the court's instructions to the jury, he did not request an instruction on mere presence with respect to the drug possession count, and has not shown that the jury instructions were plain error. See Olano, 507 U.S. at 732.

The jury's determination that Martin possessed a firearm in furtherance of the charged conspiracy and drug crimes was not contrary to the weight of the evidence, as the government established a sufficient nexus between his possession of the gun and the charged crimes. Again, as we've detailed, Alderman testified that, on several occasions beginning in January 2009, Martin greeted him at the door with a Glock .40

7

and watched over his drug transactions with Terry.  Moreover, a Glock .40 was recovered from the house, under a couch near a coffee table holding a scale with a small amount of cocaine.  Other drugs were recovered from the house.  All of the items were recovered as a result of a search of the house based on a warrant that was obtained after a controlled drug buy.  On this record, the jury's determination that Martin's possession of the gun was in furtherance of the charged conspiracy and drug crimes, was not contrary to the weight of the evidence.

In addition, because this case involved a single conspiracy involving two conspiratorial goals -- i.e., the distribution of cocaine and the distribution of marijuana -- the conspiracy charged in the indictment was not duplicitous.  See Braverman v. United States, 317 U.S. 49, 54 (1942) (holding that the allegation of a single count of a conspiracy to commit several crimes is not duplicitous).  Moreover, Martin waived any challenge to the indictment on that ground by failing to raise it before trial.  The district court properly denied Martin's motion for a new trial.

Nor has Martin shown that his sentence was unreasonable.  In reviewing sentences for reasonableness, we typically perform two steps.  Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

8

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[2]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).  The party challenging the sentence bears the burden of establishing unreasonableness.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In ruling on a defendant's objection to facts set forth in the PSI, "the district court must either (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant." United States v. Lawrence, 47 F.3d 1559, 1567 (11th Cir. 1995).  If the effect of a drug quantity requires the imposition of a statutory minimum sentence, the district court "must sentence the defendant based on an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity foreseeable by that defendant." United States v. Bacon, 598 F.3d 772, 778 (11th Cir. 2010).  If, however, the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant. United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993).

For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. De Varon, 175 F.3d at 940. First, the court must measure the defendant's role against the relevant conduct for which he is being held accountable. Id. The second prong of the minor-role-reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." Id. at 934.

Here, the district court did not err in its adoption of the probation officer's determination of drug quantity in the PSI. Alderman's testimony that, during February through April of 2009, he purchased an eighth of a kilogram from Terry two or three times each week, while Martin was working for Terry, supports the attribution of 2303.44 grams of cocaine to Martin. As for the marijuana in the case, the court was not required to make a specific finding because it held that the amount of marijuana would not affect Martin's sentence. See Lawrence, 47 F.3d at 1567. But even if the district court failed to make sufficient individualized findings, we can uphold Martin's sentence because the record supports the amount of drugs that were attributed to him. See Ismond, 993 F.2d at 1499.

We also reject Martin's contention that the court erred in not awarding him a minor-role reduction. The relevant conduct for which the district court held Martin

11

accountable included only Terry's drug sales to Alderman from January until April of 2009, while Martin had served as Terry's armed doorman and guard. As noted, the evidence at trial established that Martin participated in each of Terry's drug transactions with Alderman during this time by serving as the armed doorman and by watching over the transactions with the .40 caliber gun in his hand. Because the court held Martin accountable for his own conduct in participating in these transactions, it did not abuse its discretion in not applying a mitigating role reduction. See De Varon, 175 F.3d at 941.

Finally, Martin's sentence was substantively reasonable. A significant sentence was warranted in this case. Martin's conduct involved repeatedly pointing a gun directly at someone, and participating in a significant drug-trafficking enterprise. The district court could have imposed a sentence of up to 40 years' imprisonment on count one and up to 20 years' imprisonment on count 4. Under these circumstance, his 72-month, below-guidelines-range sentence on his two drug convictions was substantively reasonable. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (comparing, as indication of reasonableness, sentence imposed against statutory maximum penalty).

**AFFIRMED**.